IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JULIET OKASA *et al.*,
    *Plaintiffs*,

        *v.*                                               Civil Action No. ELH-17-184

ERIC HOLDER *et al.*,
    *Defendants*.

**MEMORANDUM**

On January 19, 2017, plaintiffs Juliet Okasa and Lawrence Kotey filed a complaint for injunctive relief and mandamus against Eric Holder, as Attorney General of the United States; Jeh Johnson, as Secretary of the Department of Homeland Security; Leon Rodriguez, as Director of the U.S. Citizenship and Immigrations Services ("USCIS"); and Gregory Collett, as Director of the Baltimore District of USCIC. ECF 1.[1] Plaintiffs, who were married on March 31, 2010, seek permanent resident status for Ms. Okasa, who is a citizen of Ghana. *Id.* ¶¶ 15-17. In their suit, plaintiffs seek an order from the Court to compel defendants to adjudicate the Form I-130 that Mr. Kotey filed on behalf of Ms. Okasa on December 31, 2013, and the Form I-485 application that Ms. Okasa filed on the same day. *See id.*

On April 17, 2017, with the consent of plaintiffs' counsel, defendants asked the Court to stay the case to allow plaintiffs the opportunity to respond to a "Notice of Intent to Deny" the Form I-130 that the USCIS issued on March 29, 2017. ECF 3, ¶ 5. I granted the motion by Order of the same day. ECF 4. Then, on July 3, 2017, USCIS denied the Form I-130 and the Form I-485.

---

[1] Effective April 27, 2015, Mr. Holder was no longer Attorney General. The current Attorney General of the United States is Jefferson Beauregard Sessions III; the current Secretary of Homeland Security is John F. Kelly; and the current Acting Director of USCIS is James McCament.

Thereafter, on July 11, 2017, defendants moved to dismiss the case for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). ECF 5 ("Motion"). Defendants claim that because USCIS reached a determination on July 3, 2017, as to Ms. Okasa's Form 130 and Form I-485, the lawsuit is moot. *Id.* at 2. They assert: "In this case, USCIS adjudicated Ms. Okasa's Form I-130 and Form I-485. She has received the form of the relief she requested and there is no longer an effective remedy that this Court can provide." *Id.* at 3.

Plaintiffs have not responded to the Motion, and the time to do so has expired. *See* Local Rule 105.2(a) ("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (13) days of the service of the motion . . . ."). No hearing is required to resolve the Motion. *See* Local Rule 105.6. Nevertheless, the Court "has an obligation to review" the Motion "to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) (collecting cases); *accord Thana v. Bd. of License Commissioners for Charles Cty., Maryland*, No. PWG-14-3481, 2017 WL 57211, at *1 (D. Md. Jan. 5, 2017), *on appeal*, No. 17-1192 (4th Cir. 2017).

A case becomes moot when the issues presented are "'no longer live or the parties lack a legally cognizable interest in the outcome.'" *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (other internal citations omitted); *see also Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 349 (4th Cir. 2017).

The Fourth Circuit has stated that "'mootness goes to the heart of the Article III jurisdiction of the courts.'" *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v.*

2

*Odegaard*, 416 U.S. 312, 316 (1974)); *see also Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citations omitted).

In *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), the Supreme Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary . . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character." *See also Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S. Ct. 663, 678 (2016) ("'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'") (alteration and citation omitted); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377, 1387–88 (2014).

In other words, during the pendency of a case, an actual controversy must exist. *See Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013). And, "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)); *see Chafin v. Chafin*, ___ U.S. ___, 133 S. Ct. 1017, 1023 (2013) (holding that "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts") (internal quotation marks and brackets omitted); *Knox v. Service Employees Int'l Union, Local 1000*, ___ U.S. ___, 132 S. Ct.


2277, 2287 (2012) (stating that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (internal quotation marks omitted).

In the context of cases to compel the USCIS to adjudicate immigration forms, various judges in this District have observed that when the USCIS actually adjudicates the form, the case becomes moot. *See Garcia Martinez v. Johnson*, TDC-16-0325, 2016 WL 4120446, at *1 (D. Md. Aug. 1, 2016) ("Here, Garcia-Martinez initiated this case to compel Defendants to adjudicate his I-485 application. They have done so. Garcia Martinez has received the relief sought in the Complaint. This case is therefore moot."); *Watkins v. Napolitano*, RWT-11-2257, 2012 WL 4069763, at *3 (D. Md. Sept. 14, 2012) ("In the present case, the Plaintiffs' petition for a writ of mandamus is moot because the USCIS has already adjudicated petitioner's Form I–130.[]").

As indicated, in the case *sub judice*, plaintiffs initiated the case to compel the defendants to adjudicate Ms. Okasa's Form I-130 and Form I-485. The defendants have represented that the USCIS has done so. ECF 5, ¶ 4. Plaintiffs have received the relief that they requested in the Complaint. Therefore, there is no longer an active case or controversy; the case must be dismissed as moot.

Accordingly, I shall grant defendants' Motion to Dismiss (ECF 5) for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

An Order follows.

Date: July 28, 2017                      /s/
                                               Ellen Lipton Hollander
                                               United States District Judge